Daniel HOFFMAN, Petitioner,

v.

WORKERS' COMPENSATION APPEAL
BOARD (ACME MARKETS, INC.),
Respondent.

ACME MARKETS, INC., Petitioner,

v.

WORKERS' COMPENSATION APPEAL
BOARD (HOFFMAN), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 10, 1998.

Decided Aug. 12, 1998.

Edward C. Sweeney, Downingtown, for petitioner.

Mary T. Uhlig, Philadelphia, for respondent.

Before FLAHERTY and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issues on appeal are whether the Workers' Compensation Appeal Board (Board) abused its discretion by not remanding this case to the Workers' Compensation Judge (WCJ) for additional evidence and whether Claimant was concurrently employed at a second job at the time of his work-related injury for purposes of calculating his average weekly wage (AWW).

The relevant facts are as follows. On July 19, 1989, Daniel Hoffman (Claimant) suffered a work-related injury while working for Acme Markets, Inc. (Employer). By Notice of Compensation Payable, Claimant received total disability benefits under the Workers' Compensation Act [1] at a rate of $249.52 per week, based on an AWW of $374.27. On April 7, 1993, Employer filed a Modification/Suspension Petition alleging that Claimant's disability status changed from total to partial during the school years since 1989, when Claimant was driving a bus for Gross School Bus Service (Gross). Employer also alleged that light duty work that was within Claimant's capabilities and that paid the same wage as his pre-injury job was available to Claimant as of January 5, 1993, but was not accepted by Claimant, thus warranting a suspension of benefits as of January 5, 1993.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

On December 15, 1993, Claimant filed a Petition to Review Compensation Benefits in which he alleged that his AWW should have been calculated to include the income from his concurrent employment as a school bus driver for Gross. On January 27, 1994, Employer filed a second petition alleging that they were entitled to credit because they overpaid Claimant while Claimant was receiving income as a bus driver for Gross. Employer alleged that Claimant's AWW should not include his income from Gross because Claimant was not concurrently employed by Gross at the time of his injury and, furthermore, Claimant's weekly compensation should have been reduced by the amount of income earned from Gross. Thus, Claimant's petition and Employer's second petition both turn on the issue of whether Claimant was concurrently employed by Gross at the time of his work-related injury.

By decision dated August 15, 1995, the WCJ concluded that Claimant's disability status changed from total to partial during the school years since 1989, when Claimant was driving a school bus for Gross. The WCJ also concluded that Employer was entitled to a suspension of Claimant's benefits as of January 5, 1993, because Claimant failed to follow through in good faith on the light duty jobs that Employer offered. The WCJ concluded that Claimant was not concurrently employed by Gross at the time of his work injury. And finally, the WCJ concluded that Employer was entitled to credit because the compensation payments made to Claimant should have been reduced by the amount of income Claimant earned as a bus driver for Gross.

On appeal, the Board reversed in part and affirmed in part. The Board reversed the WCJ's suspension of benefits based upon light duty job availability because it found that the record contained no evidence of the wages of the light duty jobs that Employer offered to Claimant. The Board affirmed, however, the portion of the WCJ's decision entitling Employer to credit for overpayment of benefits to Claimant due to the fact that

Claimant's income as a bus driver for Gross was not subtracted from his weekly benefits. Finally, the Board also affirmed the finding that Claimant was not concurrently employed by Gross at the time of his injury and that his AWW should, therefore, not be calculated by including his income from Gross.

Both Employer and Claimant have appealed to this Court.[2] Employer argues that the Board erred by not remanding the case to the WCJ for evidence of the wages of the light duty jobs offered to Claimant. Employer offered light duty jobs to Claimant that reportedly paid the same wages as Claimant's pre-injury job, but did not specify what the wages were. The WCJ, in Finding of Fact No. 17, found that the light duty jobs offered to Claimant by Employer would pay "the same wage" as Claimant's pre-injury job. The Board, however, considered this to be an insufficient finding. The Board concluded that, while there is substantial evidence that Employer offered Claimant light duty jobs within his physical capabilities, there is no evidence in the record regarding the wages of the jobs, and thus no substantial, competent evidence that the available wages were equal to Claimant's pre-injury wage. The Board thus reversed the WCJ's determination that Employer is entitled to a suspension of benefits based upon light duty job availability.

■ Employer agrees that evidence of the wages of the light duty jobs is necessary, but argues that the Board abused its discretion by summarily *reversing* the WCJ's decision instead of *remanding* for additional evidence on the wages of the light duty jobs. We agree.

We find this to be a difficult issue, because we recognize that the decision to remand is within the discretion of the Board. *See, e.g., Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988); *Izzi v. Workmen's Compensation Appeal Board (Century Graphics),* 654 A.2d 176 (Pa.Cmwlth.1995). However, in light of the fact that the WCJ found that Employer offered light duty positions to Claimant that paid "the same wage"

---

**2.** Our review is limited to determining whether constitutional rights were violated or errors of law committed and whether necessary findings of fact are supported by substantial evidence. *Volterano v. Workmen's Compensation Appeal Board,* 536 Pa. 335, 639 A.2d 453 (1994).

as Claimant's pre-injury position, we consider it likely that Employer did in fact do so. As such, a remand by the Board to the WCJ was warranted. The Board thus abused its discretion in ordering a reversal in lieu of a remand.

In his cross appeal, Claimant argues that he was concurrently employed as a school bus driver for Gross at the time of his injury, and that his AWW should, therefore, have been calculated by adding his wages from Gross to the wages he was earning from Employer at the time of his injury. The result of such a recalculation of the AWW would be that Claimant was neither overpaid nor underpaid because, although his weekly rate of compensation would have been higher, it should have been reduced by the amount of his income from Gross. A finding against Claimant on this issue would mean that his AWW remains unchanged while his weekly compensation is reduced by the amount of his income from Gross. Accordingly, Employer would then be found to have overpaid Claimant and would be entitled to credit. We agree with Claimant, however, that his AWW should have been calculated while taking into account his concurrent employment with Gross. The Act, in defining AWW, states as follows:

> Where the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation.

Section 309(e) of the Act, 77 P.S. § 582(e). Based upon this section of the Act, Claimant argues that his AWW must include the wages he earned driving a school bus for Gross as well as the wages he was earning from Employer. *See Miller v. Workmen's Compensation Appeal Board (Midlantic Coast Delivery System)*, 661 A.2d 916 (Pa. Cmwlth.1995), *appeal denied*, 543 Pa. 733, 673 A.2d 338 (1996).

The WCJ and the Board disagreed with Claimant, finding that Claimant did not hold the Gross position *at the time of the injury* and thus was not concurrently employed. The record shows that Claimant began driving for Gross in 1988 and that he was injured while working for Employer in 1989. However, because school is not in session from mid-June until September, Claimant was not actually driving a bus at the time of his July 19, 1989 injury. The issue thus, is whether Claimant was an employee of Gross during the two and one-half month period in the summer when he was not driving or whether his employment was terminated by Gross in mid-June and reinstated in September. The WCJ and the Board concluded that Claimant was *not* concurrently employed by Gross at the time of his injury and that his AWW should *not* be calculated by taking into account his weekly income from Gross. Upon review of the record, we disagree.

The key testimony came from Teresa Zubert, a manager for Gross. Regarding the issue of whether Claimant was considered an employee of Gross during the summer period when he was not actually driving, Zubert testified as follows:

Q. [Are] there any other forms [the bus drivers] have to fill out when they come back in September?

A. No; because they're only laid off approximately two and a half months, if that; *so they technically are not terminated from our company. They are still listed as an employee.* . . .

\* \* \*

Q. And if [a bus driver] indicated that he or she was not going to be returning in September, the supervisor would have to make alternative arrangements to cover that [driver's] run?

A. If the person says they're not going to be returning, then [the supervisor will] notify the main office *that the person terminated their employment with us.* . . .

\* \* \*

Q. . . . Now, you said that, as I understood your testimony, over the summer *they're still considered employees of the company, they're just not working?*

A. *That's correct.*

The record also reveals, through the testimony of Claimant's immediate supervisor at Gross, Ralph Trout, that bus drivers were

always asked in June if they intended to drive in September, and that Claimant always replied that he did, including in June 1989, one month prior his work injury. Trout also testified that Gross employs full-time drivers and substitute drivers and made an analogy to full-time and substitute teachers. Claimant was a full-time driver.

■ Considering this testimony, we conclude that the Board erred in finding that Claimant was not concurrently employed by Gross at the time of his work injury. On the contrary, Claimant was in fact concurrently employed by Gross, and his AWW should have been calculated while taking into account his earnings from Gross.

Accordingly, that portion of the Board's decision holding that Employer failed to establish light duty job availability because it failed to offer evidence of the wages of the light duty jobs is reversed, and the case is remanded to the Board, with instructions to remand to the WCJ, for findings on the wages of the light duty positions.

Furthermore, that portion of the Board's decision holding that Claimant's earnings from Gross resulted in overpayment to Claimant is also reversed because Claimant was concurrently employed by Gross and his AWW should have been calculated accordingly.

### ORDER

AND NOW, this 12th day of August, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed and this case is remanded in accordance with the foregoing opinion.