**Jeffrey A. LENZI, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Victor PAVING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 29, 2011.

Decided Oct. 13, 2011.

James R. Burn, Jr. and Sandra W. Kokal, Pittsburgh, for petitioner.

Michelle A. Donahue, Pittsburgh, for respondent Victor Paving.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Jeffrey A. Lenzi (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming an order of a Workers' Compensation Judge (WCJ) granting Claimant benefits pursuant to the Pennsylvania Workers' Compensation Act (Act),[1] but excluding unemployment compensation benefits from the calculation of Claimant's average weekly wage. We affirm.

Claimant began his work as a truck driver for Victor Paving (Employer) in June 2006. On July 30, 2007, Claimant was injured in the course and scope of his work for Employer when he slipped and fell from a ladder on his truck after dislodging a tarp.[2] Claimant timely filed a Claim Petition pursuant to the Act, and Employer timely filed an Answer thereto denying all material allegations. Hearings ensued before the WCJ.

Before the WCJ, both parties submitted calculations of Claimant's average weekly wage (AWW) with concomitant proposed compensation rates under the Act. In the parties' respective calculations, Claimant included unemployment compensation benefits he had received during the year preceding his injuries;[3] Employer excluded Claimant's unemployment benefits in its calculation of Claimant's AWW. Claimant's calculations produced a rate of $345.19 for the AWW, resulting in a weekly compensation rate under the Act of $310.67. WCJ Decision and Order dated February 10, 2009, (hereinafter, WCJ Decision) at 2. Employer's calculations produced an AWW of $174.99, resulting in a weekly compensation rate of $157.49. *Id.*

In part relevant to the instant matter, the WCJ granted Claimant's Claim Petition, concluding that he sustained compensable work-related injuries to his right shoulder, right biceps, and left foot. The WCJ awarded benefits from August 25, 2007, ongoing. Regarding the proper applicable AWW, the parties argued as follows:

> Claimant argues that the Supreme Court's holding in *Reifsnyder v. [Workers' Compensation Appeal Board (Dana Corp.),* 584 Pa. 341, 883 A.2d 537 (2005) ] should be expanded to include unemployment compensation benefits in the calculation of the average weekly wage. Claimant argues the inclusion of unem-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2708.

2. Despite his injuries, Claimant continued to work for Employer while physically compensating for his injuries until the date of his termination on August 24, 2007.

3. The WCJ made no findings regarding the facts under which Claimant received the un-

employment compensation benefits at issue. However, neither party to this matter disputes that said unemployment compensation benefits were received during the 52 weeks preceding Claimant's injuries, and that an employment relationship continued between the parties during, at a minimum, those 52 preceding weeks.

ployment compensation benefits "would provide a truer measure of his actual earnings."

\* \* \*

Employer argues that the Supreme Court decision in *Reifsnyder* contained concurrent opinions of the three Justices, and was "not conclusive that unemployment compensation benefits are to be included in calculating the average weekly wage." Employer argued that "there is no truer measure of the average weekly wage amount for an injured worker other than the wages actually received, not inclusive as unemployment compensation payments."

WCJ Decision at 4–5 (citations omitted). Regarding his resolution of the AWW calculation issue, the WCJ found:

In addressing the average weekly wage calculation. [Sic.] Essentially, the difference is that [C]laimant includes unemployment compensation benefits and [E]mployer does not. Compare Employer A with Claimant's 5. Claimant argues for an extension of existing law to reach the remedy [C]laimant advocates. Claimant tries to argue by analogy the *Reifsnyder* case and refers to a concurring opinion. That obviously is not precedent. It significantly lowers [C]laimant's wages not to include the unemployment compensation benefits, and obviously lowers significantly the compensation rate. Claimant makes a case that he is undercompensated by the compensation rate. However, [C]laimant essentially asks for a rewriting of the average weekly wage calculation. Claimant does not persuasively

argue enough facts to bring his compensation calculation within the holding of *Hannaberry HVAC v. [Workers' Compensation Appeal Board (Snyder, Jr.)*, 575 Pa. 66, 834 A.2d 524 (2003) ]. That holding allows the analyzing of whether the compensation calculation is an accurate determination of what [C]laimant's earnings would have been if he had not been injured. It aims to compensation [sic] the [C]laimant justly, but, at the same time, not imposing too great a burden on the [E]mployer. I am aware that [C]laimant essentially argues that *Hannaberry* should be read with the concurrences in *Reifsnyder* to reach the conclusion that unemployment compensation benefits are included in the wage calculation. However, the Supreme Court holding did not go that far. There is not even the indication that the right set of facts would yield that result. Acknowledging that [C]laimant's argument has merit, I do not find a compelling basis to interpret the Workers' Compensation Act average weekly wage calculations to go as far as [C]laimant desires.

WCJ Decision at 14–15. Accordingly, by order dated February 10, 2009, the WCJ awarded total disability benefits based upon an AWW calculation that excluded Claimant's unemployment compensation benefits.[4]

██ Both parties appealed to the Board. By Opinion and Order dated March 30, 2011, the Board affirmed. In its majority opinion, the Board noted that the concurring opinion in *Reifsnyder* did not constitute authority for the inclusion of unem-

4. The WCJ also found that Employer's contest was partially unreasonable, and accordingly made a partial unreasonable contest award in Claimant's favor. Following notification of a typographical error in the amount of that award, the WCJ entered an Amended Decision and Order, dated February 23, 2009, correcting the amount of the partial unreasonable contest award. *See* WCJ Decision and Order dated February 23, 2009. The WCJ's unreasonable contest award and the amendment thereto, are not at issue herein.

ployment compensation benefits in an AWW calculation, that Claimant's evidence did not present a case for why the majority reasoning in that precedent should not be followed, and rejected Claimant's arguments on the AWW issue. Three Commissioners of the Board signed a dissenting opinion, concluding that Claimant's unemployment compensation benefits were "earned" by Claimant and paid for almost exclusively by Employer, and as such, should have been included in the calculation of Claimant's AWW. Claimant now petitions this Court for review of the Board's Order.[5]

■ Claimant presents one issue: whether the Board erred in affirming the WCJ's calculation of Claimant's AWW,[6] in that the AWW calculation should include the unemployment compensation benefits received by Claimant during periods of layoff from his job with Employer during the year preceding the work injury at issue. Claimant asserts that he continued his employment relationship with Employer during the 52 weeks preceding the work-related injury, and that the inclusion of his unemployment compensation benefits would provide a truer measure of his actual earnings and reflect the true remedial nature of the Act, which is intended to benefit workers.[7] In support of his argument, Claimant cites to Justice Baer's concurring opinion in *Reifsnyder* (arguing that the Supreme Court should not have addressed the issue of the inclusion of unemployment compensation benefits within an AWW calculation, where the parties had not directly raised that issue), and to the Dissent to the Board's Opinion in the matter *sub judice*.

■ The goal of AWW calculation is to "create a reasonable picture of claimant's pre-injury earning experience for use as a projection of potential future wages and, correspondingly, earning loss[,]" and the calculation is designed with one focus on "the economic reality of a claimant's recent pre-injury earning experience." *Triangle Building Center v. Workers' Compensation Appeal Board (Linch)*, 560 Pa. 540, 548, 746 A.2d 1108, 1112 (2000). Section 309 of the Act, 77 P.S. § 582, sets forth the methodology for calculating an employee's AWW.[8]

Section 309(d) of the Act provides in relevant part:

---

5. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of Appeal Board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

6. The determination of a claimant's AWW is a question of law, and thus, our review is plenary. *Lahr Mechanical v. Workers' Compensation Appeal Board (Floyd)*, 933 A.2d 1095 (Pa. Cmwlth.2007).

7. *See generally Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.)*, 575 Pa. 66, 834 A.2d 524 (2003).

8. Sections 309(a), (b) and (c) provide the method for calculating AWW where the wages are fixed by the week, month, and year, respectively. 77 P.S. § 582(a)-(c). When wages are not fixed by the week, month or year, the AWW is calculated under either Section 309(d), (d.1), (d.2), or (e). 77 P.S. § 582(d)-(e). Section 309(d.1) applies when the claimant has been employed for less than three consecutive thirteen-week periods in the 52 weeks preceding the injury. 77 P.S. § 582(d.1), *added by* the Act of June 24, 1996, P.L. 350. Section 309(d.2) applies when the employee has not worked a complete period of thirteen weeks. 77 P.S. § 582(d.2), *added by* the Act of June 24, 1996, P.L. 350. Section 309(e) applies to purely seasonal employees, and to concurrent employment situations involving more than one employer. 77 P.S. § 582(e).

(d) If at the time of the injury the wages are fixed by any manner not enumerated in clause (a), (b) or (c), the average weekly wage shall be calculated by dividing by thirteen the total wages earned in the employ of the employer in each of the highest three of the last four consecutive periods of thirteen calendar weeks in the fifty-two weeks immediately preceding the injury and by averaging the total amounts earned during these three periods.

77 P.S. § 582(d). Stated otherwise, Section 309(d) applies to situations—such as the one at issue in the instant matter— where the claimant has been employed by the employer for at least one year preceding the work injury. *Id.*; *Reifsnyder.* The term "employ" as used in Section 309 is not limited to the actual number of days an employee performs work, but encompasses the period of time that an employment relationship is maintained between the parties. *Reifsnyder; Norton v. Workers' Compensation Appeal Board (Norton),* 764 A.2d 704 (Pa.Cmwlth.2000).

In *Reifsnyder,* the Supreme Court addressed the issue of what constitutes the proper calculation of a claimant's AWW in a situation where the injured employee was subject to work-related layoffs for business/economic reasons in the relevant look-back period. The multiple *Reifsnyder* claimants were long-term employees who had been subjected to periodic layoffs in the previous year and, as a result, did not have continuous wage earnings for a complete thirteen-week period in the year preceding the injury. The issue, in part relevant hereto, was whether the claimants' AWWs should be calculated under Section 309(d) or 309(d.2) of the Act.

In a case of first impression, the Supreme Court held that the AWW of the long term employees with whom the employer had a continuing employment relationship was to be calculated pursuant to Section 309(d) of the Act by including the periods of layoffs and averaging the weekly wages earned in the highest three or four immediately preceding work quarters. *Reifsnyder,* 584 Pa. at 356–360, 883 A.2d at 546–549. In excluding unemployment compensation benefits from the AWW calculation under Section 309(d), the Supreme Court reasoned:

We realize that the parties are in agreement that Claimants in the case *sub judice* received unemployment compensation for periods of work layoff. The fact that no wages are deemed attributable to these periods of layoff, notwithstanding receipt of unemployment benefits, is consistent with *Colpetzer* [9] because a person who is laid-off from work is not in the same situation *vis a vis* the Workers' Compensation Act as a person who is rendered unable to work, or whose work options are restricted, because of a work injury. The laid-off worker can seek to supplement his income with another job; the disabled worker either cannot do so at all or, at a minimum, is impaired in his ability to obtain comparable employment. The Act concerns itself with compensable work injuries and their effect upon earning capacity; a decline in a worker's earnings which results from business or economic forces is not the same as a decline in that worker's earnings due to a job-related impairment. The Workers' Compensation system op-

---

**9.** In *Colpetzer v. Workers' Compensation Appeal Board (Standard Steel),* 582 Pa. 295, 870 A.2d 875 (2005), the Supreme Court held that a claimant's AWW, as determined when claimant suffered a first work-related injury, was to be used when calculating the claimant's AWW under Section 309(d) following a second work-related injury in which claimant's wages were deflated due to the prior disability.

erates to insure a worker against the economic effects of a workplace injury, not against the economic effects of variations in the business cycle. Thus, **inclusion of unemployment compensation benefits paid out during a work layoff is not required in order to ensure an accurate measure of a worker's earnings history and earning capacity.**

*Id.* at 359–360, 883 A.2d at 548 (emphasis added).[10]

Herein, Claimant merely requests that this Court revisit *Reifsnyder* and include Claimant's unemployment compensation benefits in the calculation of his AWW under the Act. However, we believe that *Reifsnyder* controls this matter, and Claimant's argument must fail.[11] We must decline Claimant's invitation to redefine Section 309(d)'s AWW calculation to include unemployment compensation benefits, in light of the Supreme Court's conclusion that "[t]he Workers' Compensation

system operates to insure a worker against the economic effects of a workplace injury, not against the economic effects of variations in the business cycle." *Reifsnyder,* 584 Pa. at 359–360, 883 A.2d at 548. Under *Reifsnyder,* unemployment compensation benefits are expressly excluded from Section 309(d)'s AWW calculations for the Act's purposes.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 13th day of October, 2011, the order of the Workers' Compensation Appeal Board dated March 30, 2011, at A09–0352, is affirmed.

---

**10.** While the distinctions between Section 309's subsections in regards to the length of a claimant's employment by an employer were crucial to the Supreme Court's *Reifsnyder* conclusion on the issue of whether or not unemployment compensation benefits are to be included in AWW calculation, we emphasize that in the matter *sub judice,* Claimant has not disputed the fact that he has had an employment relationship with Employer for a period in excess of 52 weeks, and that said period encompasses the unemployment compensation benefits received by Claimant at issue. As such, under *Reifsnyder,* Section

309(d) of the Act is the applicable provision to determine Claimant's AWW.

**11.** We note that in *Reifsnyder,* Justice Baer filed a concurring opinion, which Chief Justice Cappy and Justices Nigro and Newman joined, opining that the issue of whether unemployment compensation benefits should be included in AWW calculation under Section 309(d) should not have been addressed, in that neither party to that case directly raised, briefed, or argued that issue directly. *Reifsnyder,* 584 Pa. at 360–361, 883 A.2d at 549 (Baer, J., concurring).